LEE, C.J.,
for the Court:
¶ 1. This appeal arises from Diane Ga-ston’s claim that she is entitled to an industrial loss of use greater than the medical impairment ratings assigned by her treating physicians. The administrative judge (AJ) denied Gaston’s claim, and the Mississippi Workers’ Compensation Commission (the Commission) affirmed the AJ’s denial, with one commissioner dissenting.
FACTS AND PROCEDURAL HISTORY
¶ 2. Gaston began working for Tyson Foods Inc. in October 2003. On June 13, 2006, Gaston injured her right wrist, right elbow, and left shoulder because of the repetitive motion required for her job in the washout department. Four months after Gaston injured her wrist, elbow, and *799 shoulder, she slipped and fell, injuring her left heel.
¶ 3. After carpal tunnel release surgery on her right wrist, Gaston was assigned a 5% permanent partial impairment rating. After surgery on her left shoulder, she was assigned an 11% permanent partial impairment rating to the upper-left extremity. This limitation was equated to a 7% permanent partial impairment rating to the body as a whole. Gaston cannot perform any sustained work at shoulder level or above, or any repetitive or sustained reaching greater than eighteen inches from the navel. Also, she cannot lift more than twenty-five to thirty pounds from the floor to her waist. Gaston had surgery on her left heel at a later date, and was assessed a 10 to 20% permanent partial impairment rating to the lower-left extremity.
¶ 4. Gaston was moved from the washout department to the gizzard table, which allowed her to sit to accommodate her heel injury. On March 17, 2010, she injured her right shoulder. After surgery on her right shoulder, Gaston was assigned a 4% permanent partial impairment rating to the upper-right extremity. She cannot lift anything greater than ten pounds overhead and cannot perform any repetitive overhead work.
¶ 5. Gaston was moved from the gizzard table to the liver table, where she continues to work. As a union employee, her average weekly wage is greater now than it was at the time of her final injury. The pay raises she received were not merit based but were consistent with those raises of her coworkers. Tyson admitted all injuries.
¶ 6. After a hearing on July 8, 2011, the AJ issued an order denying Gaston’s claim, specifically finding that Gaston was not entitled to any benefits in excess of those already paid by Tyson. Gaston appealed to the Commission. The Commission affirmed the AJ’s ruling and found that Ga-ston had not “established any additional loss of industrial use in excess of her medical ratings[,] as she is currently employed within her restrictions and earning a higher wage than her pre7injury wage.” One commissioner dissented.
STANDARD OF REVIEW
¶ 7. The standard of review in a worker’s compensation case is well settled. “The findings and order of the Workers’ Compensation Commission are binding on this Court so long as they are supported by substantial evidence.” Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991). “We are bound even though the ‘evidence would convince the [Cjourt otherwise if it were instead the ultimate faet[-]finder.’ We will overturn [the] Commission’s decision only when there is an error of law or an unsupportable finding of fact.” Montana’s Sea Kettle Restaurant v. Jones, 766 So.2d 100, 102 (¶ 7) (Miss.Ct.App.2000) (internal citation omitted) (quoting Walker Mfg. Co. v. Butler, 740 So.2d 315, 320 (¶ 19) (Miss.Ct.App.1998)).
DISCUSSION
¶ 8. Gaston argues that the Commission’s ruling is against the overwhelming weight of the evidence, and that she is entitled to an industrial loss of use greater than the medical impairment ratings assigned by her treating physicians.
¶ 9. Mississippi Code Annotated section 71-3-17 (Supp.2012) provides compensation for employees for permanent total disability, temporary total disability, and permanent partial disability. In a permanent-partial-disability case, also called a scheduled-member case, the statute assigns a percentage of compensation *800 for a set number of weeks to be paid to the employee. Additionally
In a scheduled-member ease, a worker is always entitled to compensation for the medical or functional loss of his body part, regardless of whether the functional loss impacts his wage-earning capacity. But the law recognizes there may be times when the industrial loss is greater than the medical loss. In these cases, the claimant’s industrial or occupational disability or loss of wage-earning capacity controls his degree of disability.
City of Laurel v. Guy, 58 So.3d 1223, 1226 (¶ 14) (Miss.Ct.App.2011) (internal citations and quotations omitted).
¶ 10. For an employee to receive an industrial disability, he must “prove (1) [a] medical impairment, and (2) that the medical impairment resulted in a loss of wage-earning capacity.” Robinson v. Packard Elec. Div., Gen. Motors Corp., 523 So.2d 329, 331 (Miss.1988). Additionally, this Court has “held loss of wage-earning capacity should be determined by considering the evidence as a whole.” Guy, 58 So.3d at 1227 (¶ 18).
¶ 11. Gaston relies on Meridian Professional Baseball Club v. Jensen, 828 So.2d 740 (Miss.2002), to support her contention that she is entitled to an industrial loss of use-namely the fact that Jensen was unable to return to his prior employment as a professional baseball player after his injury. Id. at 743 (¶ 7). Gaston asserts that she was unable to return to her work in the washout department and had to be moved twice to accommodate her injuries. We find this argument unpersuasive because Gaston has maintained her employment with Tyson through all of her injuries, and, as of the date of this appeal, she is still employed with Tyson, which has accommodated her restrictions.
¶ 12. Gaston and Tyson agree that she suffered medical impairments from the three injuries. However, Gaston fails to prove she has suffered a loss in wage-earning capacity. She testified before the AJ that her wage at the time of the hearing was more than at the time of the three injuries. It is clear from the record that the Commission’s decision was supported by substantial evidence. Therefore, we affirm.
¶ 13. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.